UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MARIA MARCANO ARROYO,
Plaintiff,

v.                                                              Civil No. 97-1986 (HL)

K-MART INC.,
Defendant.

**OPINION AND ORDER**

Before the Court is Defendant K-Mart, Inc.'s motion to dismiss this claim on res judicata grounds. Plaintiff María Marcano Arroyo ("Marcano") works at a K-Mart store in Juana Diaz, Puerto Rico. She brings this action under the Age Discrimination in Employment Act of 1967 ("ADEA").[1] She alleges that she is over fifty years of age; that she was transferred from a position in which she was in charge of the store's clerical organization to a position in the store's warehouse; and that her former position in the clerical office was filled by a "young woman." She claims that this transfer was done because of her age and was done as a plan to eventually discharge her. Because she brings this claim pursuant to ADEA, the Court has jurisdiction due to the existence of a federal question.[2]

Marcano filed her claim in this Court on June 27, 1997. In March 1996, Marcano had filed a similar claim in Puerto Rico Superior Court. The parties are the same in both

---

[1] 29 U.S.C.A. §§ 621 - 634 (West 1999).

[2] 28 U.S.C.A. § 1331 (West 1993).




AO 72A
(Rev. 8/82)

Civil No. 97-1986 (HL) 2

cases. In the Superior Court case, Marcano's claim was also based solely on the alleged transfer to a less desirable position because of her age. The complaint in the local court case nowhere specified under what statutes the claim was being brought, although it did state that Marcano had been a victim of abuse prohibited by the United States and Puerto Rico constitutions, as well as state and federal laws which prohibit age discrimination.[3] Marcano now states that her Superior Court case was brought solely under Law 100, Puerto Rico's anti-discrimination statute. *See* P.R. Laws Ann. tit. 29, §§ 146 - 151 (1995).

Shortly after K-Mart was served in the present case, it filed a motion to dismiss pursuant to the abstention doctrine established in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).[4] In its motion, K-Mart contested Marcano's splitting of her claims and argued that it was being prejudiced by piecemeal litigation. In its ruling, the Court agreed that the federal and Superior Court cases appeared to be duplicative litigation. However, a consideration of all the requisite factors under the *Colorado River* doctrine compelled the Court to deny K-Mart's motion.

---

[3] Civil No. JPE 96-0035 (602), Ponce Part. *See* civil no. 97-1986 (HL), docket no. 7.

[4] The heading of the motion indicated that it was a "motion to dismiss or stay." *See* docket no. 3. The body of the motion, however, argued only for dismissal. A federal court may stay, but not dismiss, an action based on principles of abstention. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719-31, 116 S.Ct. 1712, 1722-28, 135 L.Ed.2d 1 (1996). Thus, in its opinion and order on the issue, the Court treated the motion only as one to stay. The Court makes this clarification because the fact that K-Mart in its earlier motion sought dismissal of this action and objected to Marcano's splitting of her claim between two fora is relevant to the resolution of the res judicata issue.

Civil No. 97-1986 (HL)                               3

*See* 24 F.Supp.2d 169 (D.P.R. 1998). One of K-Mart's arguments was that there was a risk that the two courts might make differing rulings on the same point of law. This Court disagreed with that contention, stating that "any substantive ruling in one court may be invoked by a party in the other court under the doctrines of res judicata or issue preclusion." *Id.* at 172.

The trial in the Superior Court case had been scheduled for September 1998. In August of that same year, K-Mart filed a motion requesting summary judgment and/or dismissal in that case. In the summary judgment portion of its motion, K-Mart argued that Marcano's transfer was due to a legitimate reorganization of its labor force in which workers were placed in positions that matched the aptitudes they had demonstrated. The motion contained documentary evidence in support of this argument. K-Mart further argued in its motion that the complaint failed to state a claim for which relief could be granted due to the fact that Marcano had only been transferred and not fired.[5] Marcano responded with a motion dated August 26, 1998, in which she stated that her counsel had a conflict with the scheduled trial date; that K-Mart's attorney opposed a continuance of the trial; and that because of this conflict and because Marcano wished to conduct additional discovery, she moved to dismiss the Superior Court case without prejudice so that she could combine the ADEA and Law 100 claims in the federal case.[6] K-Mart filed an

---

[5] Docket no. 23, exhibit 4.

[6] Docket no. 23, exhibit 5.

Civil No. 97-1986 (HL)                                    4

opposition to this request in which it opposed any continuance of the trial and asked that any dismissal be with prejudice.[7]

In an order dated August 25, 1998, the Superior Court continued the trial and granted Marcano ten days to oppose the motion for summary judgment.[8] Marcano responded with a motion requesting that the court first rule on her motion for dismissal without prejudice before she be required to file an opposition to the motion for summary judgment.[9] The local court record submitted by the parties is less than complete, and there is no indication whether this request was granted. The Superior Court did grant K-Mart's motion for summary judgment with the following order:

> The complaint having been filed in this case on March 11, 1996, the pretrial proceedings having been carried out, a Motion for Summary Judgment and/or for Dismissal having been filed by the defendant, the plaintiff requested an extension to reply and/or oppose by a motion of August 24, 1998, filed August 26, 1998, after which and without any opposition being filed, on August 27 of this year plaintiff filed a Motion to Dismiss without prejudice, which defendant opposes with well-founded reasons. We rule:
>> Taking into account all the evidence in the record of this case and the applicable law, summary judgment is entered in favor of the defendant and it is ordered that the present case be dismissed.
>
> Considering that the plaintiff, through her attorney, requests dismissal of the present action in order to consolidate this claim with the federal court case (Civil no. 97-1986(DRD)) that is based on the same facts; "being said case in the initial stages which will allow the plaintiff to conduct discovery that has not been possible to carry out in the present case," as plaintiff claims; and there being the legal

---

[7] Docket no. 23, exhibit 6.

[8] Docket no. 23, exhibit 7.

[9] Docket no. 23, exhibit 8.

Civil No. 97-1986 (HL)                                              5

> question regarding the dismissal of the complaint based on Civil Procedure Rule 10.2, for as filed the claim does not justify the granting of a remedy, as it does not establish a cause of action. Additionally, based on the time passed since the complaint was filed until the present, without the plaintiff having specified or substantiated the claim and based on the recent proceedings - her Motion for dismissal - these factors also support the present decision.[10]

A notice of judgment dated December 3, 1998, was sent to plaintiff.[11] Marcano states that she did not take an appeal of the Superior Court's dismissal of her case.[12]

K-Mart argues that the Superior Court judgment now serves to preclude the present case under the doctrines of res judicata and collateral estoppel. Marcano opposes this argument and claims that K-Mart consented to the splitting of her claim between two fora. For the reasons set forth below, the Court grants the motion to dismiss.

## DISCUSSION

The "records and judicial proceedings" of any state, territory, or possession of the United States "shall have the same full faith and credit in every court" within the United States. 28 U.S.C.A. § 1738 (West 1994). This provision applies to the judgments from Puerto Rico's local courts. *Baez-Cruz v. Municipality of Comerio*, 140 F.3d 24, 28 n.1 (1st Cir. 1998). Thus, this Court must give a Puerto Rico court judgment the full faith and credit that it would receive in Puerto Rico's local court system. *See Felix Davis v. Vieques*

---

[10] Docket no. 23, exhibit 9 (Court translation) (citations omitted).

[11] Docket no. 15, exhibit II.

[12] Docket no. 23, at 6 n.3.

Civil No. 97-1986 (HL)                                6

*Air Link*, 892 F.2d 1122, 1124 (1st Cir. 1990). Accordingly, the Court must analyze the applicability of Puerto Rico res judicata jurisprudence to the Superior Court judgment dismissing Marcano's claim. *See id.*; *Oliveras v. Miranda Lopo*, 800 F.2d 3, 6 (1st Cir. 1986).

Under Puerto Rico law, for a prior judgment to have a res judicata effect on a second proceeding, the earlier judgment must have been final and appealable; it must have been rendered by a court which had jurisdiction to hear the matter; and the decision must have been on the merits. *Bonafont Solís v. American Eagle*, 97 JTS 86, 1142 (1997) (Corrada Del Rio, J., concurring); *Bolker v. Superior Court*, 82 P.R.R. 785, 792-93, 798 (1961); *Felix Davis*, 892 F.2d at 1124; *Boateng v. Interamerican University*, 36 F.Supp.2d 60, 62 (D.P.R. 1998). In the present case, Marcano does not claim that the Superior Court judgment is not final or that the court lacked jurisdiction to entertain the claim. Thus, the only question on these three factors is whether the decision was one on the merits.

In Puerto Rico, an involuntary dismissal is considered an adjudication on the merits, unless the dismissal is one for lack of jurisdiction or for failure to include an indispensable party. P.R. Laws Ann. tit. 32, App. III R.39.2(c) (1983); *Bonafont Solís*, 97 JTS at 1142 (Corrada Del Rio, J., concurring); *Medina v. Chase Manhattan Bank, N.A.*, 737 F.2d 140, 142-43 (1st Cir. 1984). A voluntary dismissal, by contrast, will generally be one without prejudice. *See* P.R. Laws Ann. tit. 32, App. III R.39.1(a). In the Superior Court case,

AO 72A
(Rev.8/82)

Marcano did move to voluntarily dismiss her claim. The Superior Court order is not a model of clarity. It is clear, however, that the court there was entering summary judgment and not granting Marcano's motion for voluntary dismissal. The order stated that it was entering summary judgment based upon a consideration of all the evidence in the record and the relevant legal principles. The order also indicated that the court considered both K-Mart's opposition to Marcano's motion for voluntary dismissal and K-Mart's motion to dismiss for failure to state a claim to be meritorious. The existence of Marcano's motion for voluntary dismissal was, at best, a secondary reason for dismissing the case; it was not the principal reason for dismissal. Thus, the adjudication was one on the merits. *See also Stitzer v. University of Puerto Rico*, 617 F.Supp. 1246, 1251, 1257 (D.P.R. 1985) (Judgment was on the merits even though it did not contain specific findings of fact but stated only that the court was denying the appeal after considering the petitioner's appeal for review along with supporting documents and opposing briefs and after analyzing all the arguments raised); Restatement (Second) of Judgments § 19 cmt. g (Summary judgment constitutes a judgment on the merits) & cmt. d (Same effect for dismissal for failure to state a claim).

In addition to the requirements of a final and unappealable adjudication on the merits by a court with jurisdiction, the Puerto Rico Civil Code provides that for res judicata to apply between two cases there must be "the most perfect identity between the things, causes, and persons of the litigants." P.R. Laws Ann. tit. 31, § 3343 (1991);

*Acevedo Santiago v. Western Digital Caribe, Inc.*, 96 JTS 42, 880 (1996); *A&P Gen. Contractors, Inc. v. Asociación Caná, Inc.*, 110 P.R.Dec. 753, 764-66, 10 Official Translations 984, 997-1000 (1981); *Futura Dev. Corp. v. Centex Corp.*, 761 F.2d 33, 42-45 (1st Cir. 1985); *Oficinas Medicas, Inc. v. Feliciano de Melecio*, 47 F.Supp.2d 174, 179 (D.P.R. 1999); *Boateng*, 36 F.Supp.2d at 62 n.3. Here there is complete identity of the persons: the parties are the same in both cases. In determining whether there is an identity of things, a court must analyze the object or matter over which the action is being brought. *Lausell Marxuach v. Díaz de Yáñez*, 103 P.R.Dec. 533, 535, 3 Official Translations 742, 745 (1975); *Texaco Puerto Rico, Inc. v. Medina*, 834 F.2d 242, 246 (1st Cir. 1987). There is an identity of things if the court ruling in the second case could contradict a decision of the first one. *A&P Gen. Contractors*, 110 P.R.Dec. at 764-65, 10 Official Translations at 998; *Texaco*, 834 F.2d at 246. In this case, as in the Superior Court case, the object of Marcano's cause of action is her transfer which she claims was done because of an age-based discriminatory animus. Although the Superior Court did not expressly find that Marcano had not been the victim of age discrimination, its dismissal of her claim had the effect of such a finding. If the present action were allowed to proceed, one of the possible outcomes could be a finding in favor of Marcano. This would contradict the result of the Superior Court case. Thus, there is also an identity of things between the two cases.

 The last requirement for res judicata to apply is that there be an identity of causes.

Civil No. 97-1986 (HL)                              9

The cause is the principal basis or origin of the action; it is not the means of proof or the legal basis for the claim. *Lausell Marxuach*, 103 P.R.Dec. at 536, 3 Official Translations at 746; *Futura Development*, 761 F.2d at 44. The identity of causes requirement does not prevent the res judicata doctrine from being applied to a second case simply because the plaintiff alleges a new legal theory in it. *Futura Development*, 761 F.2d at 44. Res judicata prevents such claim-splitting. A litigant may not raise in a second case claims that *could have been* litigated and adjudicated in a previous case. *Asociación de Condóminos v. Trelles Reyes*, 120 P.R.Dec. 574, 579-80 n.3, 20 Official Translations 599, 606 n.3 (1988); *Figueroa v. Banco de San Juan*, 108 P.R.Dec. 680, 687, 8 Official Translations 723, 729 (1979); *Pagán Hernández v. Universidad de Puerto Rico*, 107 P.R.Dec. 720, 732-33, 7 Official Translations 795, 803[13] (1978); *Mercado Riera v. Mercado Riera*, 100 P.R.R. 939, 949 (1972); *Esteves v. Ortiz Alvarez*, 678 F.Supp. 963, 965 (D.P.R. 1988); *Nesglo, Inc. v. Chase Manhattan Bank, N.A.*, 562 F.Supp. 1029, 1041 (D.P.R. 1983). The

---

[13] The official translation of *Pagán Hernández* erroneously omitted a key part of this principle. The official translation reads, " . . . the doctrine of res judicata . . . bars the subsequent litigation, between the same parties and on the same cause of action and thing, of a claim which was litigated or adjudicated in the former action." 3 Official Translations at 803. The translation omits the phrase "y aquellas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción anterior" which appears in the original Spanish version. *See* 107 P.R.Dec. at 733. Thus, the translation should read , " . . . the doctrine of res judicata . . . bars the subsequent litigation, between the same parties and on the same cause of action and thing, of a claim which was litigated or adjudicated in the former action *and those issues that could have been properly litigated and adjudicated in the prior action.*" (Court-added translation in italics) Because of this discrepancy, the Court relies on the original Spanish version of the opinion only.

prohibition against claim-splitting is consistent with res judicata's purpose of protecting a party from the hardship of being forced to defend successive lawsuits arising out of the same matter. *Futura Development*, 761 F.2d at 45.

In the present case, the principal basis or origin of both the local court complaint and the federal court complaint is Marcano's transfer which she claims was done for discriminatory reasons. In her Superior Court complaint, Marcano did not specify what statutes she was invoking, although she did allege that she had been a victim of abuse prohibited by the United States and Puerto Rico constitutions, as well as state *and federal* laws which prohibit age discrimination.[14] These federal laws would, of course, have included ADEA. Marcano now argues that her local court claim was one solely under Law 100. The Court need not decide whether her Superior Court case also included an ADEA claim. Even assuming that the Superior Court case was brought only under Law 100, Marcano certainly *could have* included an ADEA claim in that case.[15] Because the origin of Marcano's claim is the same in both cases, there is an identity of causes.

---

[14] Docket Civil No. JPE 96-0035 (602), Ponce Part. *See* civil no. 97-1986 (HL), docket no. 7.

[15] Local courts have jurisdiction to hear ADEA claims. ADEA adopts the enforcement provisions of section 216 of the Fair Labor Standards Act. *See* 29 U.S.C.A. § 626(b). Section 216, in turn, provides that an aggrieved employee may bring an action for damages "in any Federal or State court of competent jurisdiction." 29 U.S.C.A. § 216(b) (West 1998). Thus if Marcano had brought an ADEA claim in her Puerto Rico Superior Court case, that court would have had jurisdiction to hear it. *See Hogue v. Royse City, Tex.*, 939 F.2d 1249, 1255-56 (5th Cir. 1991); *Donnelly v. Yellow Freight System, Inc.*, 874 F.2d 402, 408-09 (7th Cir. 1989).

In the present case, then, all the factors for giving the previous Superior Court judgment preclusive effect have been met. Marcano argues that res judicata should not be applied here because K-Mart consented to the splitting of the actions between a Law 100 claim in local court and an ADEA claim in federal court. Generally, if the parties agree or a defendant consents to the splitting of a claim between two fora, the judgment in the first action will not have a res judicata effect in the second one. *Calderon Rosado v. Gen. Elec. Circuit Breakers*, 805 F.2d 1085, 1087 (1st Cir. 1986); Restatement (Second) of Judgments § 26(1)(a). A defendant who fails to timely object to a claim splitting shall be deemed to have implicitly consented to the bringing of two causes of action. *Calderon Rosado*, 805 F.2d at 1087; Restatement (Second) of Judgments § 26 comment a., illustration 1.

In the case before the Court, Marcano's assertion that K-Mart consented to her claim splitting is belied by the record. K-Mart's first pleading in the federal case was its motion to dismiss based on *Colorado River* abstention. In that motion it complained that it was being subject to duplicative litigation in the two courts.[16] K-Mart filed this motion within a month of being served. Thus, it expressly objected in a timely manner to Marcano's splitting of the claim between local and federal court. The fact that the Court denied K-Mart's motion is of no moment. The rule on objecting to claim splitting does not require that an objection be successful.

---

[16] Docket no. 3.

Marcano also argues that claim preclusion is not appropriate here because K-Mart knew that she was splitting her claims and defended the Superior Court case exclusively on Law 100 grounds. The fact that K-Mart may have treated the local court lawsuit as one brought solely under Law 100 does not mean that it thereby consented to Marcano's claim splitting. At any rate, the question of how K-Mart defended itself at the local court level misses the point. Even if both parties and the Superior Court judge recognized that the local court case was being brought exclusively under Law 100, there remain two inescapable factors which support the application of res judicata: one, Marcano could have brought an ADEA claim in the local court, but did not do so; and two, K-Mart timely objected to Marcano's claim splitting. Thus, the Court finds Marcano's argument that K-Mart consented to the claim splitting to be unavailing.

The Court is cognizant that res judicata issues often raise questions of equity. Res judicata is a judge-made doctrine based on policy considerations, and it is appropriate to take into account equitable concerns. *Diversified Foods, Inc. v. First Nat'l Bank of Boston*, 985 F.2d 27, 31 (1st Cir. 1993). Under Puerto Rico law, res judicata should not be applied inflexibly if doing so would run counter to the ends of justice, especially when public policy concerns are also present.[17] *Baez-Cruz*, 140 F.3d at 30; *Calderon Rosado*,

---

[17] In addition to the exception to res judicata due to equitable concerns, Puerto Rico law provides for other exceptions. Res judicata will not be applicable when (1) a judgment was entered pursuant to an invalid acceptance by the defendant of the claim; (2) the court entering the judgment lacked jurisdiction to do so; (3) an attempt to appeal failed through
(continued...)

805 F.2d at 1087; *Banco de la Vivienda v. Carlo Ortiz*, 130 P.R.Dec. 730, 739 (1992); *Pagán Hernández*, 107 P.R.Dec. at 735-36, 7 Official Translations at 806-07; *Millán v. Caribe Motors Corp.*, 83 P.R.R. 474, 488; *Pérez v. Bauzá*, 83 P.R.R. 213, 218 (1961). An exception to the res judicata doctrine may be appropriate in order to allow a party to proceed on the merits. *Banco de la Vivienda*, 130 P.R.Dec. at 739. Additionally, a party may avoid res judicata if she can demonstrate that the first proceeding denied her due process. *Medina*, 737 F.2d at 145. In this context, the Due Process Clause entitles Marcano to a "full and fair opportunity to litigate" her claims. *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 483 n.24, 102 S.Ct. 1883, 1898 n.24, 72 L.Ed.2d 262 (1982); *Medina*, 737 F.2d at 145.

In the present case, these equitable concerns are not present. Marcano had an opportunity in the Superior Court case to file an opposition to the motion for summary judgment and submit evidence in support of her claim. She chose not to do so and instead asked the local court to first rule on her motion for voluntary dismissal. The court declined that invitation and granted the motion for summary judgment. As discussed above, this constituted a ruling on the merits. *See* P.R. Laws Ann. tit. 32, App. III R.39.2(c); *Bonafont Solís*, 97 JTS at 1142 (Corrada Del Rio, J., concurring). Marcano opted not to

---

[17](...continued)
no fault of the plaintiff; or (4) there was fraud. *Medina*, 737 F.2d at 144. None of these other exceptions are applicable to the present case, and the Court therefore need not consider them.

Civil No. 97-1986 (HL)                                14

avail herself of the opportunity to oppose a motion that was seeking a dismissal of the case on the merits. Nothing in the record indicates that she was denied a full and fair opportunity to litigate her claim. The Superior Court ruled without an opposition from Marcano, but the lack of an opposition was due to her own failure to submit one.

Marcano thus has already litigated her claim once and failed. She claims that the Superior Court action was brought exclusively under Law 100. This is a law whose burden-shifting framework is more favorable to plaintiffs than ADEA. *See Ramos v. Davis & Geck, Inc.*, 167 F.3d 727, 734 (1st Cir. 1999); *Sandoval Rivera v. Caribe Hilton Int'l*, 99 JTS 166, 309 (1999); *Ibáñez v. Molinos de Puerto Rico, Inc.*, 114 P.R.Dec. 42, 51-54, 14 Official Translations 58, 70-73 (1983). Therefore, the Court is constrained to see how, after Marcano failed to prove her case under a more plaintiff-friendly statute, her being precluded from litigating the same set of facts in this Court under a *less* favorable statute would defeat the ends of justice or run counter to public policy. Public policy concerns also include the interest in the finality of judgments and judicial efficiency. *Medina*, 737 F.2d at 144; *see also Aponte Caratini v. Román Torres*, 98 JTS 54, 909 (1998) (Corrada Del Rio, J., dissenting); *Worldwide Food Distrib., Inc. v. Colón Bermúdez*, 133 P.R.Dec. 827, 833-34 (1993); *Pérez*, 83 P.R.R. at 217-18 (Terminating litigation and protecting parties from being sued twice for the same cause of action are policy concerns supporting res judicata). To allow Marcano to retry her claims would undermine these concerns. Public policy considerations apply to defendants as well as plaintiffs. K-Mart has an

interest in not being forced to defend itself twice for the same incident, especially when it has already succeeded under a statute whose standards are more favorable to a plaintiff than the statute which Marcano now seeks to invoke.

A party that splits her claims between two fora runs the risk that a final resolution in one forum will foreclose adjudication in the other. *See Ramos González v. Félix Medina*, 121 P.R.Dec. 312, 335-36, 21 Official Translations 304, 328-29 (1988). Marcano ran that risk here. She must now suffer the consequences of the strategy decision that lead her to split her claims. *See also Hogue*, 939 F.2d at 1252-56 (Plaintiff terminated in his position was precluded under res judicata from bringing ADEA claim in federal court after his state claim for wrongful discharge was dismissed); *Sekor v. Capwell*, 1 F.Supp.2d 140, 145-46 (D.Conn. 1998) (Res judicata barred terminated plaintiff from bringing ADEA claim in federal court after her state claim challenging her dismissal on non-discriminatory grounds failed). She may not claim that this outcome was unforeseeable. The case law cited above abundantly demonstrates that litigating the same issue in two separate courts almost inevitably will raise a claim preclusion question. Additionally this Court, in its resolution of the *Colorado River* abstention issue, alerted Marcano to this possibility. In that earlier opinion the Court stated that a ruling in one court might be invoked by a party in the other court under the res judicata doctrine. *See* 24 F.Supp.2d at 172. Thus Marcano was apprized of the risk that her dual-forum strategy entailed.

The Superior Court decision was a final and unappealable decision on the merits by

Civil No. 97-1986 (HL) 16

a court with jurisdiction to hear the claim. Between that case and the present one there is complete identity of parties, things, and causes. Additionally, none of the exceptions to application of the res judicata doctrine exist here. Thus, the Court grants K-Mart's motion to dismiss (docket no. 15). Because the Court grants the motion on res judicata grounds, it need not consider K-Mart's collateral estoppel argument. Judgment shall be entered accordingly dismissing this claim with prejudice.[18]

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 22, 1999.

HECTOR M. LAFFITTE
Chief U.S. District Judge

---

[18] Earlier in this case, K-Mart had also filed a motion to dismiss for failure to state a claim. *See* docket no. 11. The Court denied that motion and ruled that Marcano's complaint was sufficient to survive the scrutiny of Federal Rule 12(b)(6). *See* docket no. 12. Marcano argues that the Court made this ruling before K-Mart's motion for summary judgment was granted in local court and that therefore the Court's denial of that motion to dismiss prevents the Superior Court judgment from having any res judicata effect here. Marcano does not cite to any case law supporting this proposition, and the Court is unaware of any. A standard requirement of res judicata or collateral estoppel is that there be a final judgment. *See Felix Davis*, 892 F.2d at 1124-25. This Court's ruling on the 12(b)(6) motion did not have the requisite finality and it was not a judgment. This argument thus is unavailing.